IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| PAUL PETERS, | ) | CIVIL NO. 11-00331 SOM/KSC |
| | ) | |
| Plaintiff, | ) | ORDER DENYING RULE 60 MOTION |
| | ) | |
| vs. | ) | |
| | ) | |
| ROBERTS MARKEL, PC; | ) | |
| BENTWATER YACHT AND COUNTRY | ) | |
| CLUB, LTD.; | ) | |
| BRADY ORTEGO; | ) | |
| and DOES I THROUGH X, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER DENYING RULE 60 MOTION**

On October 31, 2012, the court entered Final Judgment in favor of Defendant Bentwater Yacht and Country Club, Ltd., with respect to the Fair Debt Collection Practices Act ("FDCPA") claim he was asserting. See ECF No. 211.  The remaining state-law claims were severed and transferred to the United States District Court for the Southern District of Texas, Houston Division.  Id.

On November 30, 2013, Plaintiff Paul Peters appealed. See ECF No. 215.

On May 15, 2013, while his appeal of this case was still pending before the Ninth Circuit Court of Appeals, Peters filed a motion seeking relief from this court's orders and judgment pursuant to Rule 60 of the Federal Rules of Civil Procedure.  The court denies that motion because the court lacks jurisdiction under the circumstances presented here.

In Smith v. Lujan, 588 F.2d 1304, 1307 (9th Cir. 1979), the Ninth Circuit held that, unless remanded to a district court, a district court lacks jurisdiction to adjudicate a Rule 60(b) motion after a notice of appeal has been filed.[1] The proper procedure is not to file the Rule 60(b) motion with the district court while a matter is on appeal. Instead, the proper procedure is for a party to ask the district court to indicate if it wishes to entertain or grant the motion and, if the district court does so wish, for the party to ask the Ninth Circuit to remand the case. Id.

Even if the court construed Peters's Rule 60 motion as asking for an indication from this court that it would entertain such a motion if the case were remanded, the court would not so indicate. The basis of Peters's motion is that, in a filing in Texas, Bentwater supposedly indicated that the owner of the club was, at the time Peters and/or his wife purchased their properties, Bentwater on North Shore, Ltd. Even assuming that the owner of the club is still Bentwater on North Shore, Ltd., and not Bentwater Yacht and Country Club, Ltd., and that Bentwater Yacht and Country Club, Ltd., could therefore be considered a "debt collector," which this court is not here

---

[1] As noted in Miller v. Marriot International, Inc., 300 F.3d 1061, 1064 n.1 (9th Cir. 2002), Smith was superseded by an amendment of Rule 4 of the Federal Rules of Civil Procedure on grounds not relevant here.

saying, the court's conclusion that Peters lacks statutory standing to assert FDCPA claims on behalf of his wife would not change.  See ECF No. 127 at Page ID# 2524 ("Even if Bentwater Yacht and Country Club were a debt collector, its debt collection activities, like those of Ortego and most of the collection activities of the law firm, were aimed at only Angela, not Peters.  Peters lacks statutory standing to maintain claims on behalf of his wife, who is not a party to this action.").  No matter how the court views the Rule 60 motion, it is denied.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 16, 2013.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Peters v. Roberts Markel, et al., Civ. No. 11-00331 SOM/KSC; ORDER DENYING RULE 60 MOTION